UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SEAB L. HIXSON, JR.,

Plaintiff,

v. Case No. 3:26-cv-1650-JEP-PDB

FLORIDA STATE PRISON, et al.,

Defendants.

---

**ORDER**

Plaintiff Seab L. Hixson, Jr., an inmate of the Florida penal system, is proceeding on a pro se Complaint for Violation of Civil Rights ("**Complaint**," Doc. 1). Plaintiff asserts multiple unrelated claims against thirty-two Defendants[1] based on events that occurred at FSP in or around 2023. (*Id.* at 32).

---

[1] Defendants include: (1) Florida State Prison ("**FSP**"); (2) Captain Rogers Wasley; (3) Captain K. Knight; (4) Lieutenant Derrek Stelley; (5) Sergeant Adams Michael; (6) Sergeant J. Bravo; (7) Officer Cody L. Miller; (8) Sergeant Palmer Thomas; (9) Officer D. Brokaw; (10) Sergeant Jonhe Whitehead; (11) Lieutenant Burnett Caleb; (12) Officer A. Hill; (13) Officer T. Clemit; (14) Officer M. Sapp; (15) Officer J. Hester; (16) Major Pleasant L. Scottie; (17) Captain/Lieutenant M. Podbevek; (18) Officer C. Griffis; (19) Officer H. Williams; (20) Officer J. Betterson; (21) Classification Officer Angela Covey; (22) Classification Officer Marcus Melton; (23) Lieutenant J.I. Minshew; (24) Lieutenant Cecil Pittman; (25) Officer N. Brown; (26) Officer L. Cribbs; (27) Officer T. Reigle; (28) Officer A. Rivera; (29) Officer B. Boggs; (30) Lieutenant Kainen English; (31) Chaplain C. Bailey; and (32) Sergeant Shannon D. Tollick. (*See* Doc. 1). Plaintiff alleges that all individual Defendants were employed at FSP. (*Id.*)

The predominant theme in Plaintiff's allegations is that "they" have been trying to kill him since 2020. (*Id.* at 33). To that end, Plaintiff alleges that: (1) Rogers Wasley, J. Betterson, Derrek Stelley, Palmer Thomas, and T. Clemit have been sending voodoo or witchcraft to his cell by putting it on "everything" to make him "go crazy or to try to kill" him; (2) J. Bravo, T. Reigle, N. Brown, Cecil Pittman, Cody L. Miller, Palmer Thomas, Jonhe Whitehead, A. Hill, J. Hester, M. Podbevek, and C. Bailey have been putting "whatever" in his food to kill him and have refused all of his sick-calls, knowing that he needs surgery as a result of the contaminated food; (3) Adams Michael, J. Bravo, and D. Brokaw have been giving him "bad drugs" to kill him; (4) K. Knight sent a cell extraction team in 2024 to kill him; (5) L. Cribbs, Jonhe Whitehead, M. Sapp, Pleasant Scottie, Kainen English, Angela Covey, Shannon Tollick, and non-party McClella Jeffre took his tablet and killed all of his family and friends who were on it; (6) A. Rivera has been sending him emails from his dead family and friends; and (7) Marcus Melton has meddled with the phone system so that Plaintiff would hear the voices of his dead family and friends. (*Id.* at 9–12, 14–19, 21, 23–24, 32). Additionally, Plaintiff alleges that: (1) non-parties McClella Jeffre and L. Thompson have falsified documents pertaining to his trust fund account statement, and Thompson has not logged in Plaintiff's grievances; (2) J. Betterson and H. Williams have refused Plaintiff's law library call-outs; (3) A. Rivera, C. Griffis, Burnett Caleb, and B. Boggs have not been sending out

Plaintiff's legal mail and, instead, have been giving it to another inmate; (4) Palmer Thomas and Burnett Caleb have kept Plaintiff on property restriction for weeks; and (5) Burnett Caleb has placed Plaintiff in cells without cold drinking water. (*Id.*). As a result of these actions or omissions, Plaintiff alleges he suffers from insomnia, blackouts, damaged skull, and pain in the chest, shoulders, head, and finger. (*Id.* at 32). Plaintiff requests "millions of dollars" in damages and asks the Court "to take the civil judgment lien off" of his inmate trust account. (*Id.* at 33).

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss an action at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), and, therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted).

A complaint that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). "A claim is frivolous if it is without arguable merit either in law or fact," including where it "describ[es] fantastic or delusional scenarios." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citations omitted). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Bilal*, 251 F.3d at 1349. As such, a claim may be dismissed as frivolous when it appears that a plaintiff "has little or no chance of success." *Bilal*, 251 F.3d at 1349 (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

Construing Plaintiff's allegations liberally,[2] the Court concludes that the Complaint fails to "state a claim to relief that is plausible on its face" and is

[2] In assessing a pro se party's pleadings, the court must read the allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

frivolous. *Iqbal*, 556 U.S. at 678. The gravamen of the Complaint is that Defendants have been trying to kill Plaintiff by sending voodoo or witchcraft to his cell, giving him "bad drugs," putting "whatever" in his food,[3] and killing his family and friends, while enabling him to continue to receive emails and phone calls from them. (Doc. 1 at 9–12, 14–19, 21, 23–24, 32–33). These allegations warrant "a finding of factual frivolousness" because they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Tomko v. Martin*, No. 24-13353, 2025 WL 2732573, at *3 (11th Cir. Sept. 25, 2025) (unpublished but persuasive) (affirming the dismissal of plaintiff's "complaint as frivolous" where plaintiff alleged a government conspiracy to "harass and kill him"); *Jean-Baptiste v. U.S. Dep't of Just.*, No. 23-14053, 2024 WL 4249655, at *3 (11th Cir. Sept. 20, 2024) (unpublished but persuasive) (affirming the dismissal of plaintiff's complaints "as patently frivolous because they contained allegations that an unknown Federal Bureau of Investigation agent worked with various entities to conspire to kill him"). As such, Plaintiff's Complaint must be dismissed as frivolous.

Frivolity aside, the Complaint must also be dismissed for failure to state a plausible claim for relief. First, Plaintiff fails to explain the role of each

---

[3] Plaintiff alleges Defendants have contaminated his food, which has contributed to his weight loss, but he also alleges he has been selling his food to buy writing materials. (Doc. 1 at 43).

named Defendant in the alleged constitutional violations.[4] Additionally, Plaintiff attempts to bring multiple claims against various Defendants without showing that the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Because Plaintiff's claims appear to be wholly unrelated, they may not be joined in a single action. *See, e.g.*, *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (unpublished but persuasive) (affirming the district court's dismissal of plaintiff's complaint against ten correctional officers for unrelated excessive use of force incidents for plaintiff's non-compliance with Rule 20); *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) (unpublished but persuasive) (affirming the district court's dismissal of plaintiff's complaint against multiple defendants for failure to comply with Rule 20 where he alleged that all defendants, at different times and under different circumstances, were deliberately indifferent to his serious medical needs).

Further, Plaintiff has not pled his claims adequately, many of which are mentioned only in passing and without sufficient factual support. First, to the extent Plaintiff raises an excessive force claim based on the 2024 cell extraction, he fails to identify the officers who participated in it or allege any

---

[4] For example, Plaintiff does not seem to include any claims against J.I. Minshew, but apparently attempts to raise claims against non-parties.

facts showing "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In addition, to the extent Plaintiff attempts to bring a medical deliberate indifference claim, he fails to describe the surgery he needs, the circumstances surrounding his sick-calls, or any facts supporting Defendants' subjective recklessness. *See Wade v. McDade*, 106 F.4th 1251, 1252 (11th Cir. 2024) (stating that in analyzing medical deliberate indifference claims, courts must apply the "subjective recklessness standard" as used in criminal law). As such, Plaintiff has not plausibly alleged a claim of "deliberate indifference to [his] serious medical needs." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

Further, to the extent Plaintiff attempts to raise an Eighth Amendment claim based on his property restriction and placement in cells without cold drinking water, he must show that the conditions of his confinement were so extreme that they exposed him to "an unreasonable risk of serious damage to his future health or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. *Id.* Plaintiff does not allege that he was exposed to any significant risk of harm. Mere discomfort is insufficient to establish that Plaintiff faced an unreasonable risk of serious injury to his future health or

safety. *See O'Connor v. Kelley*, 644 F. App'x 928, 932 (11th Cir. 2016) (unpublished but persuasive) (finding that the prisoner did not allege sufficient facts to suggest that the conditions of his confinement were cruel and unusual when he was placed on strip status for weeks).

Also, to the extent Plaintiff attempts to raise a claim of property deprivation, the Due Process Clause is not violated when a state employee intentionally or negligently deprives an individual of his personal property as long as the state provides him with a meaningful post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Taylor v. McSwain*, 335 F. App'x 32, 34 (11th Cir. 2009) (unpublished but persuasive) ("Regarding deprivation of property, a state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available."). Plaintiff has an adequate post-deprivation remedy under state law. *See Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate post-deprivation remedy when law enforcement officers seize or retain personal property).

Additionally, to the extent Plaintiff alleges that his grievances have not been processed, failing to properly process a grievance, without more, does not render a person liable for the underlying constitutional violation. *See Mathews*

*v. Moss*, 506 F. App'x 981, 984 (11th Cir. 2013) (unpublished but persuasive) (finding that plaintiff failed to state a claim because he merely "alleged that his prison grievances were either ignored or wrongly decided or that prison officials did not properly follow the prison's own grievance procedures").

To the extent Plaintiff sues any of the individual Defendants in their official capacities, official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S 658, 690 n.55 (1978)); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, suing Defendants in their official capacities is equivalent to suing the Florida Department of Corrections itself, but the Department is not a "person" within the meaning of 42 U.S.C. § 1983, and is immune from liability for damages. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986); *Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011) (unpublished but persuasive).

Plaintiff's remaining allegations that Defendants have falsified his trust fund account documents, intercepted his legal mail, and refused his law library call-outs are wholly unsupported, considering Plaintiff's seemingly unobstructed filings in this Court. Further, Plaintiff does not explain how Defendants falsified his documents. To the extent he alleges that Defendants added money to his trust fund account with the intention of taking it back after

killing him, such allegations are frivolous. Also, to the extent Plaintiff's allegations are in any way connected to his request "to take the civil judgment lien off" of his inmate account (Doc. 1 at 33), Plaintiff has not shown any basis for granting such relief. *See Smith v. Fla. Dep't of Corr.*, 27 So. 3d 124, 126 (Fla. 1st DCA 2010) ("An offender's liability for the costs of incarceration exists as a matter of law upon the offender's conviction." (citations omitted)); *see also* Fla. Stat. §§ 960.29, 960.292, 960.293. In sum, because the Complaint fails to state a plausible claim for relief and is frivolous, it must be dismissed under the PLRA.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of September, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Seab L. Hixson, Jr., #X63280